nterim Decision #2110

MATTER OF LEBLANC

In Visa Petition Proceedings

LOS-N-12900

*Decided by Regional Commissioner November 26, 1971*

The statute does not require that the beneficiary of a visa petition to accord nonimmigrant classification as an intra-company transferee under section 101(a)(15)(L) of the Immigration and Nationality Act, as amended, be coming to an existing office, branch or other establishment of his employer in order that the petition may be approved. While there may be a question as to whether or not the petitioning company actually has an established and existing affiliate in the United States at this time, where, as the record in the instant case shows, the petitioner has acquired physical premises necessary to its functions here which evidences the bona fides of its intended operation in this country, the petition may be approved if otherwise approvable.

ON BEHALF OF PETITIONER: Paul Gutman, Esquire
1900 Avenue of the Stars, Suite 1060
Los Angeles, California 90067

This case comes before the Regional Commissioner on appeal from the decision of the District Director, Los Angeles, who denied the petition on October 7, 1971, stating in pertinent part that: "Inasmuch as the services of the beneficiary are requested to participate in the organization of the United States branch, not yet in existence, it is concluded that the beneficiary does not meet the criteria for classification as intra-company transferee under section 101(a)(15)(L) of the Act, as amended."

The petitioner, Thriftmart Ltd., is a corporation organized and existing under the laws of the province of Ontario, Canada, since 1964, intending to conduct its business in the State of California under the name of Cosmetiques Herbelle. It intends to promote the door-to-door retail sales of cosmetics on credit as it has been doing in Canada. The petitioner has submitted a certificate of qualification certifying the petitioner, dba Cosmetiques Herbelle, as a Canadian corporation qualified to transact intrastate business in California. The petition was filed on October 7, 1971, under

section 101 (a) (15) (L) of the Act seeking the services of the beneficiary as an intra-company transferee.

The beneficiary is a 26-year-old married male, a native and citizen of Canada. The petitioner has stated that beneficiary "has unique, peculiar and specialized knowledge and talent in the screening, recruiting, contracting with and training of persons to participate in a sales program selling cosmetics marketed by petitioner. Mr. LeBlanc has been employed by petitioner for more than four years and, in respect of the last year and a half, has had full charge of screening, recruiting, contracting with and training sales personnel and has supervised sales of our products for the entire western Canadian area."

The petitioner states that the beneficiary is to be employed in California for twelve months at $200.00 a week with "override commission" and will be hiring and training sales personnel to sell cosmetics on credit.

Section 101 (a) (15) (L) of the Act describes an intra-company transferee as follows:

An alien, who immediately preceding the time of his application for admission into the United States, has been employed continuously for one year by a firm or corporation or other legal entity or an affiliate or subsidiary thereof and who seeks to enter the United States temporarily in order to continue to render his services to the same employer or a subsidiary or affiliate thereof in a capacity that is managerial, executive or involves specialized knowledge. . . .

In support of the petition, the petitioner submitted a statement dated September 24, 1971, stating that at the present time there were no employees in the proposed Los Angeles affiliate branch but that "It is intended that Mr. LeBlanc set up the Los Angeles branch office. Currently the address of the petitioner is that of petitioner's firm of accountants until such time as a formal branch office facility can be established by Mr. LeBlanc. It is intended that the beneficiary will come to the United States to participate in the establishment and commencement of business in Los Angeles."

On appeal, counsel for petitioner concedes that at the time the petition was filed there were no employees in the "proposed" Los Angeles branch office and that it had been petitioner's intention to use the beneficiary "to set up the Los Angeles office." He goes on to state that "since that time conditions have changed significantly and materially justifying reconsideration of petitioner's petition and of the District Director's decision."

Counsel now states that the petitioner has leased an office and warehouse in Los Angeles and, as evidence, has submitted copy of

817

'Standard Form Business Property Lease" dated November 8, 71, and showing the lease to start January 1, 1972, and run for ·ee years. An addenda to the lease indicates that the petitioner ₁y have limited access to the premises prior to January 1, 1972, on the signing of the lease. Counsel also states that petitioner s employed an "American national" resident of California as ₃s California manager in full charge of petitioner's office in the ₁ited States and who will supervise the conduct and activities the beneficiary."

Counsel then states that "Petitioner is in the process of estab- ₃hing its inventory of merchandise for marketing and sale in ₃lifornia which merchandise, upon receipt from time to time, ill be stored in petitioner's warehouse facilities at the above ₃ted address. As a consequence petitioner can now be deemed to ₃ an operating branch of petitioner's Canadian based business ith physical and managerial facilities and with active, resident ₃anagement. All that beneficiary will be doing will be the re- ruiting and training of a sales force to facilitate what has now ecome a going business of applicant."

The statute requires that the beneficiary, immediately preced- ₃g the filing of the petition, had been employed continuously for ne year by petitioner and that he seek to enter the United States ₃mporarily in order to continue to render his services to the ame employer, the petitioner, or a subsidiary or affiliate in a ca- ₃acity that is managerial, executive or involves special knowl- ₃dge.

The statute does not require that the beneficiary be coming to ₃n existing office, branch or other establishment of his employer ₃n order that the petition may be approved. While there may be a ₃uestion as to whether or not the petitioning company actually ₃as an established and existing affiliate in the United States at ₃his time, where, as the record in this case shows, the petitioner ₃as acquired physical premises necessary to its functions here ₃which evidences the bona fides of its intended operation in this ₃ountry, the petition may be approved if otherwise approvable.

The record shows that beneficiary had been employed for more than a year in Canada by the petitioner in the recruiting, hiring and training of sales personnel in door-to-door credit sales tech- niques which requires and involves specialized knowledge, and that he is expected to perform the same services for an affiliate branch in the United States.

On careful review, we find that the beneficiary qualifies as an intra-company transferee and is eligible for classification under

section 101(a)(15)(L) of the Act. The appeal will be sustained and the petition granted.

**ORDER:** It is ordered that the appeal be sustained and the petition granted.