MATTER OF MICHELIN TIRE CORPORATION

In Proceedings to Classify Alien as Nonimmigrant
under section 101(a)(15)(L)

ATL-N-4931

*Decided by Regional Commissioner January 9, 1978*

(1) In order to be eligible for nonimmigrant classification under section 101(a)(15)(L) of the Immigration and Nationality Act, 8 U.S.C. 1101(a)(15)(L), the beneficiary must have been employed continuously for 1 year by the petitioner at the time the petition is filed with the Service. Having worked for the company for only 9 months, beneficiary failed to meet this time requirement.

(2) Where a beneficiary seeks to qualify for "L" classification on the basis of specialized knowledge, that knowledge must be relevant to the business itself and directly concerned with the expansion of commerce or it must allow an American business to become competitive in overseas markets. In this case beneficiary's specialized knowledge was of the French Educational System. The petition sought to allow her to enter this country to teach the children of the French employees who would be coming here to start the plant, so their children's educational development would not suffer. This was not the specialized knowledge contemplated by the statute but was related to the provision of a fringe benefit for the company's employees. For that reason it does not qualify the beneficiary for admission under section 101(a)(15)(L) of the Act.

ON BEHALF OF PETITIONER: Pro se

The petition was denied by the District Director, Atlanta, Georgia, and is now considered on appeal.

The petitioner, an international tire manufacturing company, has petitioned to accord the beneficiary classification as an intra-company transferee, to be a French education specialist for the company. The petition filed on June 6, 1977, indicates the beneficiary will be employed in a capacity which involves specialized knowledge.

Section 101(a)(15)(L) of the Act, as amended, defines an intra-company transferee as: .

"An alien who immediately preceding the time of his application for admission into the United States, has been employed continuously for one year by a firm or corporation or other legal entity or an affiliate or subsidiary thereof and who seeks to enter the United States temporarily in order to continue to render his services to the same

employer or subsidiary or affiliate thereof in a capacity that is managerial, or executive or involves specialized knowledge, ..."

The petition was denied on the basis that at the time of filing the petition, the beneficiary had not been employed by the petitioner for the required period of one year, and, that the knowledge possessed by the beneficiary was general knowledge, rather than the specialized knowledge contemplated by the statute.

On appeal, it is pointed out that during the start-up period for a new plant, it was necessary to bring temporarily a large number of French employees from their subsidiary in that country, and in order that their children will not suffer an educational set-back upon return to France, a teacher graduated from the French Educational System is required. It is also pointed out that by the time the beneficiary commences her employment here, she will have the required 1 year of experience.

According to the information contained on the nonimmigrant visa petition, at the time of filing the petition with the Service, the beneficiary had approximately 9 months of employment with the petitioning firm. This does not meet the statutory requirement of the beneficiary having been employed continuously for 1 year immediately preceding the time of application for admission. In *Matter of Katigbak*, 14 I&N Dec. 45 (R.C. 1971), although an immigrant visa petition case, it was held that the beneficiary must be qualified at the time of filing the visa petition. In view of the language of section 101(a) (15)(L) of the Act, it must be concluded that the intra-company transferee must likewise have the required 1 year of experience at the time of filing the nonimmigrant petition in her behalf.

The remaining issue to be decided is whether or not the beneficiary would be employed in a capacity which "involves specialized knowledge." A review of available published precedent decisions has not disclosed a case ruling on the issue presented by the District Director. It is necessary, therefore, to turn to the legislative history.

H.R. 851, 91st Congress, 1st Session, by the Committee on the Judiciary, cited the broad purposes of the then-proposed legislation, subsequently enacted as section 101(a)(15)(L) of the Act. On page 3 of that Report, there is stated:

"The testimony of witnesses clearly establishes that existing law restricts and inhibits the ability of international companies to bring into the United States foreign nationals with management, professional, and specialist skills and thereby enable American business to maintain and improve the management effectiveness of international companies to expand U. S. exports and to be competitive in overseas markets. Existing nonimmigrant provisions of the Immigration and Nationality Act offer little or no relief in the transfer of executive personnel since such entries are also limited to specific positions which are temporary in nature. Consequently, visas must be denied to alien executive personnel who are transferred to the United States to continue

employment with a domestic corporation or firm, or a domestic affiliate or subsidiary of a foreign corporation.

This interchange of personnel is important since it an opportunity for an individual to advance within the worldwide organizations without regard to nationality, it enables foreign nationals to learn American management techniques by placing them in key positions in the United States and thus more effectively manage the affiliate operations in the U. S. companies when they return overseas. Experience has demonstrated that a real contribution in the conduct of international business results from the cross-fertilization of ideas through the use of special skills of personnel of different nationalities."

Page 5 of the report added:

"This amendment would help eliminate problems now faced by American companies having offices abroad in transferring key personnel freely within the organization. This proposal would meet the objective of American industry which has been seriously hampered in transferring personnel, particularly from Canada.

Testimony before the committee established that the present immigration law and its administration have restricted the exchange and development of managerial personnel from other nations vital to American companies competing in modern-day world trade. Executives of American companies detailed for assignments in foreign branch offices, or subsidiaries and affiliate companies abroad, find little difficulty in being admitted to foreign countries as nonimmigrants for duty tours of several years duration. Such intra-company transfers have contributed immeasurably to the growth of American enterprise throughout the world and to the international trade of the United States."

In the case before me, the beneficiary is a graduate teacher trained in the French Educational System. She is qualified by experience to continue the French-required system of education here in the United States. According to the petitioner, such education is necessary in order that the children of their French employees will not retrogress in their studies upon their return to France. In a sense, the beneficiary can be said to possess a specialized knowledge, that of the requirements of the educational system in France.

The educational opportunities offered by the petitioner to its French employees is a fringe benefit, offered to induce certain foreign employees to come to the United States temporarily. This inducement is not concerned with the expansion of commerce, or with the movement of key personnel within an international corporation, as cited in the House Report, *supra*. The specialized knowledge required by the statute must directly concern the expansion of commerce or it must allow an American business to be competitive in overseas markets. Such an interpretation, I believe, is consistent with the purpose and intent of this legislation. Accordingly, I find that the proposed employment does not meet the statutory requirement of specialized knowledge, and the decision of the District Director was correct and proper.

ORDER. The decision of the District Director is affirmed, and the appeal is dismissed.